## Isom Williams v. The State.

### No. 1838.  Decided June 5, 1912.

**1.—Disorderly House—Spirituous Liquor—Local Option—Evidence.**

Upon trial of keeping a disorderly house in which spirituous, etc., liquors were sold and kept for sale without license, it was error to permit the State to introduce in evidence the orders of the Commissioners' Court putting prohibition in force; this was irrelevant.

**2.—Same—Evidence—Argument of Counsel.**

Where, upon trial of keeping disorderly house in which spirituous, etc., liquors were sold, it was not shown that certain persons who were seen at defendant's place of business were booze drinkers, etc., it was reversible error to permit State's counsel to allude to them as such characters, special charge having been requested to withdraw these remarks.

**3.—Same—Charge of Court—Defense Theory.**

Where, upon trial of keeping a disorderly house in which spirituous, etc., liquors were sold and kept for sale, the evidence showed no sale and that the liquor found in defendant's place of business belonged to his son and was kept there for the latter's individual use, the court should have submitted this phase of the case.

Appeal from the County Court of Johnson.  Tried below before the Hon. J. B. Haynes.

Appeal from a conviction of keeping a disorderly house in which spirituous, etc., liquors were kept for sale, etc.; penalty, a fine of $200, and twenty days confinement in the county jail.

The following statement of the Assistant Attorney-General is substantially correct: Appellant was the keeper of a small grocery establishment in which he sold, among other things, cold drinks, etc., and had therein a large ice box in which he kept ice.  One W. B. Featherstone, county attorney of Johnson County, went to the store of appellant and into the back room, which was usually kept closed.  He discovered two men in the back room, each of whom had a bottle of beer, drinking the same.  He tried to take the beer from one of them but failed.  He then sent for the sheriff and they found a cask of beer in the building and some other intoxicating liquors.  Appellant stated to the said Featherstone that the beer belonged to his stepson and was not his beer.  One of the parties who had the bottles of beer testified that the beer they were drinking was not purchased or obtained from appellant, but was brought from Fort Worth by them.  It was shown by appellant that he had dominoe tables in his back room and that parties frequently played dominoes there, but he also testified that he never sold any kind of intoxicating liquors.  The State offered proof to show that his place bore the reputation of being a place where intoxicating liquors were sold.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted for keeping a disorderly house, in that he kept and was concerned in keeping a house in which spirituous, vinous and malt liquors were sold and kept for sale, without first having obtained a lieense to retail such liquors.

This was not a prosecution for violating the local option laws, and it was improper to permit the State to introduce the orders of the Commissioners Court putting prohibition in force in Johnson County. Such evidence would not tend to support any allegation in the information, and it could only tend to prejudice the jury by calling attention to the fact that appellant was charged with keeping liquors for sale in a county where the sale was prohibited.

It is also shown by bills of exception that while Trice, a witness for defendant, was testifying, on cross-examination, he was asked if he knew Swift Newberry, Jake Looper and Baylor Looper, and if he ever saw them in defendant's place of business, and over objection of defendant the witness answered that he knew these men, and had seen them in defendant's place of business. It is further shown that in the concluding argument the county attorney stated to the jury: Gentlemen, the fact that defendant permitted Swift Newberry, Jake Looper and Hiram Powell to hang around his place of business shows that he was keeping liquor for sale;" and "Gentlemen, we did not object to them showing that railroad men played dominoes at defendant's place of business, but when we went to prove that Swift Newberry, Jake Looper and Austin Bass, and a gang of that kind of fellows, who drink booze, played there, then the attorney for defendant objected; I tell you, gentlemen of the jury, when we show you that a crowd of booze drinkers hang around there it shows the character of the place, and the business the defendant is carrying on." Special charges were presented requesting the court to instruct the jury to ignore and not consider this argument of the county attorney, which charges were refused by the court. It may be a matter within the knowledge of the county attorney that Jake Looper, Austin Bass, Hiram Powell and the others named may be a crowd of booze drinkers, and their reputation is such that it is a known fact they "hang around" places only where liquor is dispensed, but there is no evidence of that fact in this record, and the remarks were outside of the record and improper, and the special charges requested should have been given.

The State's testimony shows that one night the county attorney went in appellant's place of business and found two men each drinking a bottle of beer; one of these men testifies that he brought the beer from Fort Worth. On the same night there was found in appellant's place of business a case of beer. Appellant testified that this beer belonged to his son and was kept there for his individual use, and that he had never made a sale of liquors to anyone. No liquors were shown to have been in appellant's place of business on any other

than this occasion, and a sale to no one is shown. In this state of the record appellant requested the court to instruct the jury:

"Gentlemen of the jury: If defendant kept any quantity of beer at his place of business, for his own use, or if he permitted his stepson to keep beer at said place of business, for his own use, such fact would not be a violation of the law. And if you believe that the liquors testified about was kept for the use of the owner, or owners, then you should acquit defendant, unless you believe from the evidence beyond a reasonable doubt that liquors were kept by defendant on said premises for the purpose of sale. And if you have a reasonable doubt as to whether such liquors were kept for sale or not you should acquit defendant and say by your verdict not guilty."

This charge should have been given. It may be the court did not believe the testimony of appellant, and it may be that the jury would have found it to be untrue, yet under the law in this State a person charged with crime has a right to have his defensive theory submitted to the jury. It is no offense for one to keep liquors for his own use, and if appellant's testimony is true, that is the only purpose for which the liquor found was kept.

The other matters complained of in the motion we do not deem necessary to discuss, but on account of the errors above pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*